In the Matter of the Accounting of BANK OF NEW YORK (Formerly Known as BANK OF NEW YORK AND FIFTH AVENUE BANK), as Trustee under the Will of PETER A. H. JACKSON, Deceased, and under the Will of ESTHER H. TREMAIN, Deceased, Respondent.

ROOSEVELT HOSPITAL et al., Appellants; ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Respondent.

*Per Curiam.* The will granted the trustees certain specific powers. Of those powers it provided, by an omnibus summary, that "my Trustees shall have the power and authority herein given".

But the testatrix had more power in mind to be exercised by the trustees than the "authority herein given", because she used language in context aimed in the direction of enlargement. She said: "as well as * * * that conferred by statute or otherwise lawfully existing."

Both from the language used and in the sense in which the will must be read, since testatrix was creating a trust in perpetuity, she necessarily had in mind revision from time to time of what would be power "conferred by statute" or powers "lawfully existing."

In providing for reinvestment of funds she said that the trustees "shall have" the power to invest in bonds which she described; but she accompanied this grant with the proviso that it would not "in any way" limit the power and authority she had first given the trustees, the scope of which would be seen in statute or other lawful recognition.

Only if the mere recital of "bonds" in which she authorized the trustees to invest could be treated as a specific provision limiting all other power given, i.e., be read to come within the words "unless otherwise specifically provided by me", would that recital wipe out the previous and general grants of power.

It would require very narrow reading to impose such a limitation and we think that the language of this trust in perpetuity ought not to be given that kind of reading.

The decree of the Surrogate should be reversed and the will construed to permit the trustee to invest in securities enumerated in paragraph (m) of subdivision 1 of section 21 of the Personal Property Law, as amended, with costs to appellants.

Peck, P. J., Dore, Callahan and Bergan, JJ., concur in *Per Curiam* opinion; Glennon, J., dissents and votes to affirm.

Decree reversed and the will construed to permit the trustee to invest in securities enumerated in paragraph (m) of subdivision 1 of section 21 of the Personal Property Law, as amended, with costs to the appellants. Settle order on notice.